## The Celestial Empire.[*]

*(District Court, E. D. New York.   April 28, 1882.)*

COLLISION—DAMAGES—INTEREST—DEMURRAGE—COSTS.

> Where an action, which was brought for damages resulting from collision between a ship and a schooner lying at the end of a pier, was not moved to trial by the libellant for 12 years, and the ship was then found guilty of negligence in regard to the position of her fenders when the vessels came together, and upon report of a commissioner as to the damages exceptions were filed, *held,* that it was proper to allow as damages the whole cost of repairing the schooner, instead of only the cost of repairing the sail broken by the ship's fender; that interest on the disbursements was properly allowed, it having been within the power of the claimant at any time to obtain a hearing and decision of the cause; that the demurrage claimed was not properly proved and should be disallowed; that the delay of the libellant to bring his action to hearing for 12 years justified the refusal of costs.

*Benedict, Taft & Benedict,* for libellant.

*S. M. Parsons,* for respondent.

BENEDICT, D. J.   This case comes before the court upon exceptions to the commissioner's report of the amount to which the libellant is entitled by virtue of an interlocutory decree rendered herein, June, 1880.   A difference of opinion between the advocates as to the effect of the interlocutory decree makes necessary some restatement of the grounds of the court's decision upon the merits.   The action is to recover damages sustained by reason of an injury done by the ship Celestial Empire to the schooner William Henry while the latter was lying at a pier.   It was proved at the trial, and found by the court, that the ship was guilty of negligence in coming along-side the schooner.   This negligence consisted in coming against the schooner,

*See 2 FED. REP. 651.

having out heavy wooden fenders so arranged as not to catch the side of the schooner when the vessels came together. The result was that when the two vessels came together one of these fenders caught the plank sheer of the schooner, mashed it some, jumped off, and then caught the rail, which, of course, was broken by the pressure. It was also found by the court that the negligence which caused the injury to the schooner did not consist in the rate of speed at which the ship was moving when she came along-side the schooner, and that the force with which the ship struck the schooner would not have caused damage if the ship had been guilty of no negligence in respect to the fenders. But it was not found that the only result of this negligence on the part of the ship was the breaking of the sail of the schooner.

It may be, as now contended on behalf of the ship, that arranging the large fenders so they would not bring up on the beam ends of the schooner prevented the schooner from receiving greater injury than she would if the fender that jumped from the plank sheer had brought up on the schooner's beam ends; but the evidence did not, in my opinion, warrant such a conclusion, and no such determination was made. On the contrary, the interlocutory decree proceeds upon the ground that in the absence of negligence in regard to the fender, the force with which the ship struck the schooner would not have caused injury to the schooner. The opinion of the court is, perhaps, not as clear as it might have been, but the idea intended to be conveyed was that the libellant could recover for any injury to the schooner resulting from the negligence of the ship in the matter of the fender.

In the absence of any testimony showing that the breaking of the schooner resulted from a different cause, the inference must be that such breakage was caused by neglect on the part of the ship, either in the matter of speed or in the matter of the fender. It was my opinion that the latter was the neglect that caused the injury, and the interlocutory decree was intended to award the libellant all the damages resulting from that neglect. The commissioner was therefore right in allowing the cost of repairing the injury done to the schooner. Such injury appears by the evidence to have been the result of the neglect in regard to the fender. The first, third, and fourth exceptions are therefore overruled.

The fifth exception is to the allowance of interest on the disbursements made in repairing the schooner. The ground of this exception is that the delay of the libellant to bring his cause to trial has been unreasonable, and should be held to amount to a waiver of interest, at least after the expiration of six years. But the delay to bring on

the case for trial, extraordinary as it is,* affords no ground on which to refuse interest, because it was at all times open to the claimant to bring on the case. In the admiralty both parties are actors. Not having done so, he is without ground to ask a refusal of interest. This exception is therefore overruled. The seventh exception is to the allowance of demurrage, on the ground that the libel makes no claim for demurrage. The libel claims damages to the amount of $600 and upwards, and fails to specify any of the items. This averment is sufficient to support a decree for the loss of time as well as cost of repairs. It is evident that the claimant was not misled. It was optional with him to obtain a more specific averment, by exceptions, if he desired. The remaining exceptions relate to the allowance of $140 as demurrage. These exceptions will be allowed. Upon the proof I do not think the libellant entitled to any allowance for demurrage.

The decree will, therefore, be for the amount of the bill of repairs and interest, being the sum of $626.33. I mark my disapproval of the delay on the part of the libellant to bring his cause to trial by refusing him costs.

---

*Answer filed December, 1867; cause tried February, 1880.

